**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Christopher R. Beaulieu</u>

    v.                                Civil No. 12-cv-191-JD

<u>Frisbie Memorial Hospital et al.</u>[1]

## REPORT AND RECOMMENDATION

    Christopher Beaulieu has filed a complaint (doc. no. 1) in this action, alleging that defendants have violated the Privacy Rule (45 C.F.R. Pt. 160, and 45 C.F.R. Pt. 164, Subpts. A & E), promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d to 1320d-9. Because Beaulieu is proceeding in forma pauperis, the matter is before the court for preliminary review.  <u>See</u> 28 U.S.C. § 1915(e)(2).

### Standard for Preliminary Review

    Pursuant to 28 U.S.C. § 1915(e)(2), the magistrate judge may conduct a preliminary review of in forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as

---

[1]Beaulieu names as defendants: Frisbie Memorial Hospital; its President, Alvin D. Felgar; and its Records Administrator, Priscilla Matthews.

appropriate, recommend to the district judge that one or more claims be dismissed if, among other things, the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Discussion

Beaulieu requested his medical records from Frisbie Memorial Hospital.  In response, Beaulieu received medical records belonging to his brother.  Beaulieu claims that the improper release of his brother's medical records has caused him

2

"a lot of stress and emotional problems" due to his concern for his brother's privacy.

Beaulieu brings this action under HIPAA and the HIPAA Privacy Rule, neither of which creates a private right of action.  See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009); Acara v. Banks, 470 F.3d 569, 572 (5th Cir. 2006).

> Rather, a patient must file a written complaint with the Secretary of Health and Human Services through the Office of Civil Rights.  It is then within the Secretary's administrative discretion whether to investigate complaints and conduct compliance reviews to determine whether covered entities are in compliance.

Spencer v. Roche, 755 F. Supp. 2d 250, 271 (D. Mass. 2010) (citing 45 C.F.R. §§ 160.306, 160.308), aff'd on other grds., 659 F.3d 142 (1st Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012); see also 42 U.S.C. § 1320d-5 (authorizing Secretary to impose civil penalties on violators).  Accordingly, Beaulieu has failed to state a viable cause of action for the improper release of his brother's medical records,[2] and the complaint should be dismissed.

---

[2]Even if Beaulieu had stated a cause of action, as a pro se plaintiff, he cannot assert a claim on his brother's behalf in an action before this court.  See 28 U.S.C. § 1654; United States District Court District of New Hampshire Local Rule 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf.").

**Conclusion**

For the foregoing reasons, the complaint (doc. no. 1) should be dismissed in its entirety.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1045 (2012); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge


September 18, 2012

cc:  Christopher R. Beaulieu, pro se

LBM:jba